VESTA GAS RANGE MFG. CO. *v.* CONRAD PAYNE.*

(*Nashville.* December Term, 1922.)

MASTER AND SERVANT. Delay in giving notice prevents recovery of physician's fees and intervening compensation only.

Under Acts 1919, chapter 123, section 22, providing that, if immediate notice of the injury is not given, the employee shall not be entitled to physician's fees nor to compensation prior to the giving of such notice, unless the employer had actual knowledge of the accident, and that no compensation should be paid unless notice was given within thirty days after the accident, a delay of twenty days in giving the notice prevents recovery of physician's fees and of compensation for the period before the notice was given, but does not prevent recovery of any compensation.

Acts cited and construed: Acts 1919, ch. 123, sec. 22.

FROM HAMILTON.

Error to the Circuit Court of Hamilton County.—HON. OSCAR YARNELL, Judge.

RANKIN, FRAZIER & ROBERTS, for plaintiff in error.

CHAMLEE & CRUTCHFIELD, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

---

*On time within which a notice of injury must be given or other steps taken within the meaning of the Workmen's Compensation acts is discussed, in notes in L. R. A. 1917D, 135, 138, and L. R. D. 1918E, 559.

This is a suit under the Workmen's Compensation Act. There was a judgment for the employee, from which the employer has appealed in error. A physician's fee and statutory compensation from the date of the accident was awarded.

It is very earnestly insisted that there was no evidence to permit the conclusion of the trial judge that the plaintiff below was injured in an accident while in the employ of the defendant below. We cannot agree to this. There is some evidence, material in character, to sustain the finding of the trial judge.

It is urged that, inasmuch as plaintiff did not give immediate notice of his accident, and did not give notice as soon thereafter as was reasonable or practicable, he should not be allowed any recovery by reason of the provisions of section 22, chapter 123, of the Acts of 1919. The employee did give written notice within thirty days of the accident, about twenty days thereafter. Section 22, above referred to, is as follows:

"Be it further enacted, that every injured employee or his representative shall, immediately upon the occurrence of any injury or as soon thereafter as is reasonable or practicable, give or cause to be given to the employer written notice of the injury, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the provisions of this act from the date of the accident to the giving of such notice, unless it can be shown that the employer had actual knowledge of the accident; and no compensation shall be payable under the provisions of this act unless such written notice is given the employer within thirty days after the occurrence of the accident, unless reasonable excuse for failure to give such notice is made to the satisfaction of

the tribunal to which the claim for compensation may be presented."

The penalty for the failure to give the immediate notice, where the employer has no actual knowledge, is indicated in the language quoted. An employee so in default "shall not be entitled to physician's fees, nor to any compensation which may have accrued under the provisions of this act from the date of the accident to the giving of such notice." The consequences of the failure to give said notice are prescribed by the act, and we can add no others. In this case the trial judge should not have allowed a physician's fee, nor should he have allowed compensation to begin to run except from the date on which notice was given.

Some other questions are made which do not require discussion, and with the modification indicated the judgment below will be affirmed.